UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUANN BAUMAN, et al., | CASE NO. C15-1909-MJP |
| Plaintiffs, | ORDER ON MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| AMERICAN COMMERCE INSURANCE COMPANY, | |
| Defendant. | |

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion for Summary Judgment (Dkt. No. 27), Defendant American Commerce Insurance Company's Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. No. 38), and Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment (Dkt. No. 43);

2. Defendant American Commerce Insurance Company's Motion for Partial Summary Judgment re: IFCA (Dkt. No. 66), Plaintiffs' Response to Defendant American Commerce Insurance Company's Motion for Partial Summary

Judgment (Dkt. No. 75), and Defendant's Reply in Support of Its Motion for Partial Summary Judgment re: IFCA (Dkt. No. 77); and all attached exhibits and declarations and relevant portions of the record, rules as follows:

IT IS ORDERED that both Plaintiffs' and Defendant's motions for summary judgment are DENIED; the issue of whether Defendant's conduct amounted to an unreasonable denial of payment of benefits must be decided by a jury.

IT IS FURTHER ORDERED that Defendant's motion to strike portions of the Declaration of Krafchick in support of Plaintiffs' Motion (Dkt. No. 28) is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to strike excerpts of the expert reports submitted in Plaintiffs' Response to Defendant American Commerce Insurance Company's motion is DENIED.

## Background

The facts which form the chronology of events leading up to this lawsuit are undisputed.

| | |
|---|---|
| **Apr. 3, 2006** | Plaintiff LouAnn Bauman was injured in a two-vehicle collision. |
| **July 14, 2006** | Defendant paid out the entirety of Plaintiff's PIP medical coverage. |
| **Mar. 16, 2011** | Defendant sent a request for Underinsured Motorist ("UIM") coverage demand to Plaintiffs. |
| **Aug. 22, 2011** | The tortfeasor's insurer settled with Plaintiff LouAnn Bauman for the $50,000 limit of his policy. |
| **Aug. 30, 2011** | Plaintiffs sent Defendant a letter advising them that the tortfeasor was underinsured, and requesting that Defendant (1) buy out their claim against the $50,000 policy of the tortfeasor and (2) make them an offer under their UIM coverage. |

| | | |
|---|---|---|
| **Sept. 1, 2011** | | Defendant declined to buy out the underlying tort claim and requested more information about Plaintiff's damages. |
| **May 6, 2013** | | Plaintiffs sent Defendant another settlement demand letter for the full $250,000 of the UIM policy. Defendant responded by requesting an independent medical examination ("IME"). |
| **Aug. 21, 2013** | | Plaintiff responded by requesting arbitration. |
| **Feb. 2-3, 2015** | | An arbitration hearing was conducted before three-person panel, resulting in an award to Plaintiffs of $180,290. |
| **Aug. 27, 2015** | | Plaintiffs sent Defendant a 20-day notice of IFCA claim. |
| **Dec. 2015** | | Plaintiffs filed this lawsuit. |

## Discussion

Motions for summary judgment

The Insurance Fair Conduct Act ("IFCA") is codified in RCW 48.30.015:

> **(1)** Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

The issue as regards this claim in Plaintiffs' lawsuit boils down to a simple question: under the circumstances presented by these facts, does Defendant's failure to make an offer of settlement prior to the conclusion of arbitration amount to an "unreasonable denial of payment of benefits" as contemplated by IFCA?

The Court finds that this issue is not amenable to summary judgment for the following reason: there appears to be no case law (and nothing in the statute or the legislative history) which addresses the situation where the insurance company fails to respond to the insured's

request for a settlement offer, the insured invokes the right to arbitrate and an arbitration award is made before any offer is forthcoming from the insurer. In other words, no answer to the query: in the absence of an explicit denial of a claim, at what point does a failure to respond to a request for settlement become a denial?

Neither party has any case authority directly on point. Two of the cited cases do indicate that conduct other than an outright refusal to pay may still constitute "denial of benefits:"

- In Morella v. Safeco Ins. Co., 2013 U.S. Dist. LEXIS 53255 (W.D.Wash. April 12, 2013), the insurance company persisted in making an absurdly lowball offer on a UIM claim despite solid evidence of medical damages and wage loss well in excess of their offer. The court focused on "what Safeco knew and/or should have known at the time the offer was made to determine whether the proffered payment effectively denied Morella the benefits of the insurance policy." (Id. at *11.) The court found that it did: "[A]n offer of $1,500 in payment of a claim that Safeco internally valued at seven to ten times as much and which had not been fully investigated was an unreasonable denial of the payment of benefits to which Morella was entitled." (Id. at *13.)

- In Country Preferred Ins. Co. v. Hurless, 2012 U.S. Dist. LEXIS 86334 (W.D. Wash. June 21, 2012), the insurance company declined – as ACIC has done here – to meet Plaintiff's settlement demand, forcing the matter to arbitration. The arbitrator awarded a judgment in favor of Plaintiff, which the insurance company – as ACIC has done here – promptly paid. In dismissing the IFCA claim which followed, the court indicated that "[t]hese facts demonstrate that Country did not unreasonably deny payment of benefits, but instead reasonably disputed the amount." (Id. at *17.)

Morella is distinguishable in that the insurance company did make some kind of offer. Hurless is closer to the facts before this Court -- the insurance company affirmatively declined to pay what Plaintiff was demanding (without counteroffering), as did Defendant here. The Plaintiff in Hurless had questions about some of the claimed expenses and damages of their insured, as it appears Defendant did here. However, it was only 15 months from the date of the accident to the arbitration award in Hurless, as opposed to the 3.5 years between Plaintiffs' demand on the UIM claim and the arbitration award, twice the period that the Hurless court

found to be within acceptable limits. And, as this Court indicated in a previous order, the fact that preparations for arbitration were ongoing after August 21, 2013, does not eliminate Defendant's duty to continue to investigate and evaluate their insured's claim.[1]

The Court has no doubt that, at some point, a failure/refusal to respond to a request for settlement offer becomes tantamount to an unreasonable denial of benefits. The issue turns on the question: At what point did the insurance company have enough information to evaluate the claim and reasonably be expected to make an offer to Plaintiffs?

In the absence of any case law to guide such an analysis, a jury is just as capable as the court of determining what is "reasonable" and "unreasonable." And since the Court is unable, even faced with undisputed material facts, to say as a matter of law what constitutes an "unreasonable denial" under these circumstances, it is only fitting that a jury should do so. This is not a case of disputed material facts as much as it is a case where it is unclear what result the law dictates given the undisputed material facts; i.e., neither side is entitled to prevail strictly as a matter of law.

Motions to strike

Defendant brings two motions to strike:

(1) In its responsive brief to Plaintiffs' motion, Defendant moves to strike portions of Plaintiffs' counsel's Declaration in Support of Plaintiffs' Motion. It is well-taken – the declaration is full of opinion and legal conclusions presented as "facts." The Court

---

[1] "Tavakoli v. Allstate Prop. & Cas. Ins. Co., 2013 U.S. Dist. LEXIS 6078 *11 (D.W.Wa. January 15, 2013), likewise held that, '[i]n a case like this one, where the insured's claim remains open, the insured's decision to sue its insurer does not cut off the insurer's obligations to adjust the claim.'" Dkt. No. 55, Order on Motion to Compel at 7.

1  GRANTS this motion and indicates to both parties that neither the opinions nor legal
2  conclusions contained in the declaration were treated as facts.

4  (2) In Defendant's reply brief on its own summary judgment motion, the insurer moves to
5  strike the vast portion of Plaintiffs' response briefing, which quotes liberally from the
6  reports of experts for both sides (Williams for Plaintiffs at Dkt. No. 69 and Hight for
7  Defendant at Dkt. No. 68-1). Defendant moves to strike the material because "Plaintiffs
8  failed to produce the reports themselves or any declarations authenticating the report
9  (*sic*)." (Def. Reply at 7.) Def cites to no FRCP's or FRE's that Plaintiffs have violated.
10  The reports are filed as part of the court record, and the Court finds no reason to strike the
11  material. This motion is DENIED.

## Conclusion

While the material facts are undisputed, the Court is unable to say as a matter of law that either side should prevail, therefore this issue is inappropriate for summary judgment. Should this case proceed to trial, the question will go to the jury as to whether Def's conduct constitutes a violation of IFCA.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of September, 2016.

Marsha J. Pechman
United States District Judge