HONORABLE BARBARA J. ROTHSTEIN

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LOUANN BAUMAN and BERNIE BAUMAN, wife and husband,<br><br>                                Plaintiffs,<br><br>        v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY,<br><br>                                Defendant. | No.  2:15-cv-01909-BJR<br><br>**AMERICAN COMMERCE'S MOTION FOR SUMMARY JUDGMENT REGARDING BAD FAITH, IFCA AND DAMAGES**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**NOVEMBER 18, 2016** |

**COMES NOW**, the Defendant, American Commerce Insurance Company ("American Commerce"), by and through its attorneys of record, Cole | Wathen | Leid | Hall, P.C. and presents the following Motion for Summary Judgment.

### I.      RELIEF REQUESTED

(1)      Based on newly discovered evidence, American Commerce requests that the Court enter an order of summary judgment that it acted in good faith as a matter of law because Plaintiffs' own testimony confirms

        (a)      American Commerce acted reasonably in not relaying its zero new money settlement offer; and/or

        (b)      The lack of an offer did not cause (and may have even avoided) harm.

(2)      American Commerce requests that this Court issue a ruling that because there

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 1
K:\FILES\Bauman, LouAnn 16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

was no denial of this claim, there can be no IFCA violation as a matter of law.

(3)      If the case is not dismissed, American Commerce seeks an order of summary judgment clarifying the scope and measure of damages as follows:

(a)     The amount of the arbitration award entered in the underlying UIM arbitration is not the "actual damages" under any extra-contractual theory;

(b)     The arbitration award is not properly trebled as either exemplary or punitive damages under IFCA, the CPA, or the tort of bad faith; and

(c)     That attorney's fees and costs are not "actual damages" under any extra-contractual theories including IFCA, the CPA or the tort of bad faith.

## II.      FACTS

**A.      Background**

American Commerce issued Policy Number 002031802 (the "policy") that provided underinsured motorist (UIM) coverage to LouAnn Bauman with a per person limit of $250,000. ECF 20-1, ECF. 1-1.

On April 4, 2006, Ms. Bauman was injured in a low impact motor vehicle accident. ECF 1. Ms. Bauman settled with the tortfeasor for policy limits of $50,000. ECF 16-1 p.20. Within five months of the accident, American Commerce had extended full Medical PIP benefits ($10,000) and Wage Loss PIP benefits ($10,000) to Ms. Bauman. ECF 1; ECF 44-1 at ACIC 000075, ACIC 000097.

On May 6, 2013, over 7 years post-accident, Ms. Bauman submitted a UIM policy limits demand to American Commerce. *Id.;* ECF 1-1; ECF 20-1; ECF 37, ¶2.   American Commerce confirmed that it accepted coverage and began investigating and adjusting Ms. Bauman's UIM claim. ECF 20-2 through 20-5; ECF 37, ¶2-4; ECF 39-1 at ACIC 000110-117.

The documentation Ms. Bauman provided did not support her UIM policy limits demand. *Id.*, ECF 20-2 through 20-5; ECF 37, ¶2-4.  For example:

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 2
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE l WATHEN l LEID l HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

- Ms. Bauman's pre-accident medical history includes a history of fibromyalgia, depression and a fractured neck from a 1983 motor vehicle accident, which resulted in C2-3 fusion in 1993. *Id*. ECF 39-1 at ACIC 000110-117.  It was unclear from the documentation provided what treatment was related to the accident versus ongoing and/or preexisting. ECF 39-1 at ACIC 000116.

- Ms. Bauman claimed over $70,000 in special damages while the documentation she provided supported less than $46,000 in special damages. *Id*.; ECF 37, ¶3.

- The wage loss documentation was insufficient to confirm the full wage loss claim. *Id*.

American Commerce requested additional documentation, including prior medical records. *Id*., ECF 37, ¶3-4; ECF 39-10.  Plaintiffs delayed in providing the additional medical records.  In the meantime, American Commerce requested an Independent Medical Evaluation ("IME") of Ms. Bauman to better assess her claimed damages. ECF 20-6; ECF 37.

Ms. Bauman responded by invoking the arbitration clause under the policy and threating to file suit if American Commerce did not agree to arbitrate. ECF 20-6; ECF 37, ¶4-5.  American Commerce agreed to arbitrate the case.  *Id.*

## B.    Arbitration

The policy allows the parties to elect to arbitrate disagreements as to the amount of a loss. ECF 20-1, pg.14.

On February 2-3, 2015 the matter went to a three-panel arbitration.  ECF 20-7.  Ms. Bauman received an award of $180,290.00—almost one million dollars less than the total damages claimed in her demand.  ECF 20-7.  American Commerce paid the arbitration award, minus offsets, or a total of ***$118,964.07*** ($180,290.00 less $50,000 offset for third-party recovery less $11,325.93 *Mahler* credit for Medical and Wage Loss PIP repayment).  ECF 1, ¶4.5.

## C.    Bad Faith Lawsuit

Plaintiffs filed this action in United States District Court for the Western District of Washington on December 4, 2013. ECF 1.  In their Complaint, Plaintiffs assert claims for violations of Washington's Insurance Fair Conduct Act ("IFCA"), violations of Washington's

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 3
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

Consumer Protection Act ("CPA), insurance bad faith, and seek treble damages and attorney's fees and costs. *Id.*

In their Responses to American Commerce's First Interrogatories and Requests for Production, Plaintiffs propose the following computation of actual damages:

> The actual damages suffered by the Plaintiffs' are the arbitration award of $180,290, along with attorney fees (40% of that amount) and costs involved in arbitrating the UIM claim.

*See*, Declaration of Rory W. Leid, III, dated 10/27/16, (hereinafter "Dec. Leid") **Ex. 1.**

**D.      Order Confirming American Commerce Never Denied Coverage and that Plaintiffs Aren't Entitled to *Olympic Steamship* Fees**

Plaintiffs admit that there was no denial of coverage. ECF 65. Because there was no denial of coverage, Plaintiffs also admit they are not entitled to *Olympic Steamship* fees. *Id.* On July 27, 2016, this Court entered a stipulated Order confirming the same and dismissing Plaintiffs' claims for *Olympic Steamship* fees. *Id.*

**E.      Prior Motions for Summary Judgment**

This Court previously heard cross motions for summary judgment. ECF 84. Plaintiffs sought summary judgment that American Commerce's lack of a settlement offer prior to Arbitration amounted to an unreasonable denial of payment of benefits in violation of IFCA. ECF 27.

American Commerce opposed the motion and brought a cross motion for summary judgment dismissing Plaintiff's IFCA claims on the grounds that IFCA claims require denials of coverage and here, as the parties agreed and the Court confirmed, there was no denial of coverage. ECF 38; ECF 66.

The Court denied both motions and ruled "[t]he issue of whether Defendant's conduct amounted to an unreasonable denial of payment of benefits must be decided by a jury." ECF 84. Judge Pechman's reasoning follows:

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 4
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE ꞮWATHEN ꞮLEID ꞮHALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

The Court finds that this issue is not amenable to summary judgment for the following reason: there appears to be no case law (and nothing in the statute or the legislative history) which addresses the situation where the insurance company fails to respond to the insured's request for a settlement offer, the insured invokes the right to arbitrate and an arbitration award is made before any offer is forthcoming from the insurer. In other words, no answer to the query: in the absence of an explicit denial of a claim, at what point does a failure to respond to a request for settlement become a denial?

***

The issue turns on the question: At what point did the insurance company have enough information to evaluate the claim and reasonably be expected to make an offer to Plaintiffs?

In the absence of any case law to guide such an analysis, a jury is just as capable as the court of determining what is "reasonable" and "unreasonable." And since the Court is unable, even faced with undisputed material facts, to say as a matter of law what constitutes an "unreasonable denial" under these circumstances, it is only fitting that a jury should do so. This is not a case of disputed material facts as much as it is a case where it is unclear what result the law dictates given the undisputed material facts; i.e., neither side is entitled to prevail strictly as a matter of law.

ECF 84 (emphasis added).

Judge Pechman's reasoning implicitly assumes American Commerce did not complete its evaluation of the claim.

## F.    Newly Discovered Evidence

On September 29, 2016, Plaintiffs deposed William P. Hight, CPCU, JD., an experienced bad faith/IFCA expert retained by American Commerce in this case.  Mr. Hight testified:

Q.    Do you think it was reasonable for the UIM insurer, ACIC, to offer the Baumans nothing under the UIM coverage to the Baumans?

A.    I think that, based upon the information that was obtained in the course of the investigation and the  evaluation, I think it was reasonable for the insurance company to conclude that, based upon the set off and offsets, that the claimant, Ms. Bauman, had been properly compensated for the injuries that their investigation disclosed

***

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 5
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

Q.     Could you think of any reason why ACIC wouldn't offer $100,000 for this case at any time prior to the arbitration?

A.     I think it was their judgment, based upon their own discussions as well as recommendation of defense counsel, that the case would probably not bring in $100,000 at arbitration.

Q.     What's the basis of that?

A.     Their complete review of the medical records, the IME reports and the anticipated testimony of the IME doctors, the evaluation of the defense counsel in going over all of those materials.   And so it's really a comprehensive evaluation of the case based upon an extensive workup. And that was the judgment that they reached.

Dec. Leid, **Ex. 2** (*Deposition testimony of Hight*) at 32:11-32:20; 47:14-48:3.

On October 19, 2016, Plaintiffs deposed Susan Vaill of American Commerce, National Claims Examiner at the time Plaintiffs' made their UIM claim.  Dec. Leid, **Ex. 3** (*Deposition testimony of Vaill*) at 5:17.   Ms. Vaill explained why no settlement offer was made prior to Arbitration:

Q.     Well, in this case, there was never any offer made before arbitration, would you have been involved in that decision not to make any offers?

A.·    Yes.

Q.·    Why don't you tell me what you considered when you made that decision?

A.·    It was an ongoing decision. · We continually reviewed the file and always felt that an offer was not warranted.

Q.·    What I'm trying to understand is why you felt that an offer was not warranted in this case prior to arbitration?

A.·    There's a number of reasons and, **one, is that we believed that she was fully compensated by the settlement with the tort recovery and to the extent that we would have considered an offer, the demand was always actually more than the policy limit or the policy limit with no indication that a lesser amount would ever be considered.**

Q.·    Well, how would you know if you didn't make a counter offer?

A.·    Because it was made clear to us that they would never -- that the demand was I believe it was in the million dollars or the policy limit, and there was never an indication of a willingness to accept less.

Q.·    Did you ever make an offer to test that?

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 6
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

A.·    No.· As I mentioned before, **we always found the value below the tort recovery**.

\*\*\*

Q.·    What was your basis for determining there was no opportunity to settle for less than the policy limits?

A.·    We received a number of communications from defense counsel advising that they didn't see an opportunity to settle for anything less than the policy limit.

\*\*\*

Q.·    **So, prior to arbitration** it's fair to say that you evaluated this claim and the people in the roundtable **evaluated this claim as having no value on the UIM claim and make a zero offer on the UIM** claim; correct?

A.·    That's part of it, yes.

Dec. Leid **Ex. 3** at 7:10-8:12; 10:23-11:3; 22:16-22:21.

Plaintiffs subsequently testified that if American Commerce had made its zero new money offer, they would have rejected the same (and would have been offended).  Ms. Bauman testified:

Q.     So you -- were you willing to accept zero?  ·

A.     No.

\*\*\*

Q.     Did you have any understanding that American Commerce valued your claim at less than the 70,000 that you had already received?

A.     I don't know.

Q.     Okay. So that's been the testimony of one of the witnesses from American Commerce.   If -- if that's true and essentially American Commerce valued your case at zero, why should they have made an offer of zero?

A.     I just assume that's what they're supposed to do -- is make an offer, and we're supposed to either say yes or no.

Q.     And if they told you that they value the case  at zero, what would you have done?

A.     Talked to my attorney.

Q.     And would you have been willing to walk away from your case then, or would you have gone to arbitration?

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 7
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE ǀ WATHEN ǀ LEID ǀ HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

MR. KRAFCHICK: She's already answered that. She said she wouldn't accept it.

THE WITNESS:  I would not accept it.

Q.     (BY MR. LEID) You would have gone to arbitration?

A.     Yes.

Dec. Leid **Ex. 4** (*Deposition testimony of LouAnn Bauman*) at 16:6-16:7; 24:5-25:3.

Mr. Bauman testified:

Q.     (BY MR. LEID) So -- right.  So I'm saying  25 that what Ms. Vaill said is that your wife recovered a total of $70,000 combined from the PIP benefits and the tortfeasor $50,000.  That was the $70,000 payment she had already received.  So when they valued the UM claim, they valued the total claim as less than the 70,000 she'd already received, which would be zero new money.  So if in fact that is what she said, should the company have made an offer to you of zero, would that have changed anything?

A.     If they had offered zero, it would not have changed anything; however, given the fact that we had made a demand for policy limits, that would warrant some response from the insurance company of some kind, whether it's something less than policy limits, zero, or whatever.  But there was no response whatsoever; so we had nothing to consider.

Q.     Would -- if the insurance company had told you and your wife that they valued your claim at zero, would that have upset you and your wife?

A.     Frankly, yes.

Dec. Leid **Ex. 5** (*Deposition testimony of William Bauman*) at 21:24-22:19.

### III.     ISSUES PRESENTED

(1)     In light of newly discovered evidence, did American Commerce act in good faith as a matter of law when it did not make a zero new money offer and Plaintiffs' confirmed if offered it would have been rejected, it would not have changed the arbitration course and it may have even upset the Plaintiffs?

(2)     Should the Court rule that American Commerce's valuation determination was not, and could not be, a "denial" thus there can be no IFCA violation as a matter of law?

(3)     Are Plaintiffs precluded from seeking as damages—including treble damages—

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 8
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

the amount of the arbitration award as well as litigation costs when coverage was never denied, the dispute resolution mechanism provided for in the policy was invoked by Plaintiffs and the full arbitration award less offsets was paid prior to the filing of this lawsuit?

## IV.   EVIDENCE RELIED UPON

1.      Declaration of Rory W. Leid, III, dated 10/27/16, with attached exhibits;

2.      The pleadings and records on file herein.

## V.   ARGUMENT

**A.      Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, affidavits, depositions and admissions indicate that there are no genuine issues of material fact and a party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986).  The party that brings a motion for summary judgment bears the burden of establishing the absence of an issue of material fact.  *Id.*  Once the moving party has made the requisite showing, the non-moving party bears the burden of establishing that there is a question of fact pertinent to an essential element of his case.  *Id*.  Summary judgment should be granted if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Id*.

**B.      Based on the New Evidence, Plaintiffs Cannot Establish the Unreasonableness and/or Damages Elements of their Bad Faith Claim—Summary Judgment is Proper**

An insurer has a duty of good faith to its policyholder, and violation of that duty may give rise to a tort action for bad faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc*., 150 Wn.2d 462, 470, 78 P.3d 1266 (2003); *Truck Ins. Exch. v. Vanport Homes, Inc*., 147 Wn.2d 751, 765, 58 P.3d 276 (2002); RCW 48.01.030.  The elements for a cause of action of bad faith by an insurer are as follows:

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 9
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE l WATHEN l LEID l HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

Claims by the insured against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. As a substantive matter, an insurer has a duty of good faith to all of its policyholders, and to succeed on a bad faith claim, a policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded.

*Smith v. SAFECO Insurance Company*, 150 Wn.2d 478, 485, 78 P.3d 1274 (2003).

An insured has the burden in proving that an insurer acted in bad faith:

If an insured claims that the insurer denied coverage unreasonably in bad faith then the insured must come forward with evidence that the insurer acted unreasonably. The policyholder has the burden of proof.

See, *Smith v. SAFECO Insurance Company*, 150 Wn.2d at 486.

An insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds. *Smith*, 150 Wn.2d at 486. Further, if the insurer can point to a reasonable basis for its action, this reasonable basis is significant evidence that it did not act in bad faith and may even establish that reasonable minds could not differ. *Id.*

Here, Plaintiffs' *sole* grounds for alleging bad faith is that American Commerce did not make a settlement offer prior to Arbitration. Plaintiffs' recent admissions make clear—Plaintiffs are unable to meet their burden of proof.

First, Plaintiffs' testimony confirms American Commerce acted reasonably in not offering zero dollars new money. Plaintiffs testified that if American Commerce had made the offer, they would have unequivocally rejected it. Dec. Leid **Ex. 4** at 16:6-16:7; 24:5-25:3; Dec. Leid **Ex 5** at 21:24-22:19. Mr. Bauman went on to testify such an offer would have upset them. *Id.* Reasonable minds could not differ that American Commerce's decision not to relay the zero dollar offer, and avoid potentially upsetting Plaintiffs, was reasonable.

Mr. Hight's expert testimony in this case further corroborates the reasonableness of American Commerce's actions:

- Mr. Hight was asked whether it was reasonable for American to offer zero (or make no offer). Mr. Hight's opinion was that it was reasonable for ACIC to conclude that Ms. Bauman had been properly compensated

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 10
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

through the payments from the tortfeasor's liability carrier, State Farm, and from PIP payments under the ACIC policy.

- Mr. Hight testified that, based upon the evidence that had been presented to him, ACIC was reasonable in not making an offer as it appeared that any offer less than the policy limits would have been rejected by the plaintiff. In this regard, Mr. Hight pointed to letters from ACIC's defense counsel indicating the likelihood that Ms. Bauman and her counsel would not go below the $250,000 policy limit in settling the case.

Dec. Leid **Ex. 2** at 32:11-32:20; 47:14-48:3.

Second, Plaintiffs cannot meet their burden of establishing the necessary element of damages. Plaintiffs testified that if American Commerce had made the offer the offer would have not only been rejected, but would not have changed anything—Plaintiffs still would have proceeded to Arbitration. If nothing would have changed, where is the damage? If anything, not making the offer avoided harm—Mr. Bauman testified the offer would have been upsetting.

Plaintiffs' testimony contradicts, rather than supports two critical elements of their bad faith claim. Summary judgment is appropriate, and the claim should be dismissed.

**C.    The Court Should Exercise its Authority and Enter an Order of Summary Judgment that American Commerce's Valuation Determination Was Not (and Could Not be) a Denial. As such, it Did Not Violate IFCA as a Matter of Law**

This Court has authority to reconsider its denial of American Commerce's motion for summary judgment. As the Court explained in *Longstreth v. Copple*:

> Federal Rules of Civil Procedure 59(e) and 60(b), which provide for alteration and amendment of judgment and relief from a judgment, respectively, by their express terms apply only to final judgments or final orders. A denial of summary judgment, however, is not a final order. **Notwithstanding, courts retain the power to reconsider and revise an interlocutory order, such as an order denying summary judgment, up until the time a final judgment is entered**.

189 F.R.D. 401, 403 (N.D. Iowa 1999) (internal citations omitted) (emphasis added).

Here, the Court should exercise its authority. When Judge Pechman denied American Commerce's motion for summary judgment regarding IFCA, it appears she was under the mistaken impression that American Commerce never made an offer because it never completed its evaluation of Plaintiffs' UIM claim. ECF 84. However, as Ms. Vaill subsequently testified,

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 11
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE l WATHEN l LEID l HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

American Commerce did complete its evaluation prior to arbitration—American Commerce had determined the value of Ms. Bauman's claim was at or below the already recovered amounts. Dec. Leid **Ex. 3** at 7:10-8:12; 10:23-11:3; 22:16-22:11. In light of this new evidence, reconsideration is proper.

Turning to the substantive issue raised in American Commerce's Motion for Summary judgment, it is established that IFCA claims require a denial of coverage. The IFCA statute, RCW 48.30.015, creates a claim for a first party claimant to an insurance policy who is unreasonably denied a claim.

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

RCW 48.30.015(1).

In *MK Lim, Inc. v. Greenwich Ins.* Co., the court stated:

> IFCA provides a cause of action to a "first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer..." RCW 48.30.015(1). Such a person "may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section." *Id.* The following two paragraphs of the statute permit recovery of treble damages and attorneys' fees if the plaintiff can show either an unreasonable denial of coverage or payment or a violation of one of several enumerated WAC provisions. RCW 48.30.015(2), (3). However, **a violation of one of the enumerated WAC provisions alone is not sufficient to sustain a cause of action under IFCA. There must be an unreasonable denial of coverage or payment. As the court in *Lease Crutcher* noted, "[a] violation of WAC 284- 30-030 may justify the imposition of treble damages under RCW 48.30.015(2) and/or an award of fees and costs under RCW 48.30.015(3), but an underlying denial of coverage is still required."**

2011 U.S. Dist. LEXIS 126395 at 6-7 (2011) (internal citations omitted) (emphasis added). Furthermore, a delay in payment or offer to pay is not the same as a denial of payment

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 12
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE l WATHEN l LEID l HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

or coverage. *Id.* at 8.

Washington Federal District Court authority is in accord. Where a defendant insurance company accepts coverage at the time a plaintiff's claim is submitted, there is no "unreasonable denial of coverage" as a matter of law. *Pinney v. Am. Family Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 22328 (2012). In *Pinney*, the plaintiffs submitted a claim for smoke damage to their home and belongings. American Commerce accepted coverage, assigned an adjustor and contractor for cleaning/repairs, a dispute later arose regarding the contractor's workmanship, an appraisal was conducted, and American Commerce paid the amount of the loss as determined by appraisal. In evaluating defendant's motion for summary judgment regarding the plaintiff's IFCA claim, the court concluded that plaintiff's "extensive discussion of whether American Commerce violated WAC provisions (*i.e.*, failed to disclose provisions, act promptly, implement standards for prompt investigation, [and] to conduct reasonable investigations) are inapposite. **Without an unreasonable denial of coverage, IFCA claims under individual WAC violations fail**." *Id.* at 13 (emphasis added).

*Pinney* followed the reasoning of numerous prior Federal District Court cases in Washington. See, e.g., *Traveler's Indem. Co. v. Bronsink*, No. C08-1524JLR, U.S. Dist. Lexis 2118 at (2010) 2; *Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C08-1862RSL, U.S. Dist. LEXIS 110866 at 5 (2010); *Weinstein & Riley, P.S. v. Westport Ins. Corp.*, No. C08-1694JLR, U.S. Dist. LEXIS 26369 at 30 (2011). As the court in *Lease Crutcher* succinctly stated, "[a] violation of WAC 284-30-330 may justify the imposition of treble damages under RCW 48.30.015(2) and/or an award of fees and costs under RCW 48.30.015(3), **but an underlying denial of coverage is still required**." 2010 U.S. Dist. LEXIS 110866, 2010 WL 4272453, at 5 (emphasis added).

In the case at bar, Plaintiffs agree and the Court confirmed that American Commerce never denied coverage. The new testimony of Ms. Vaill further confirms that this case involves different valuations of Ms. Bauman's claim, *not* a denial of coverage (or a possible de facto

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 13
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE ǀ WATHEN ǀ LEID ǀ HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T: (206) 622-0494 / F: (206) 587-2476

denial).   IFCA only applies to denials of coverage not disputes over valuations.   Because Plaintiffs have not met the first element of an IFCA claim – an unreasonable denial – American Commerce is entitled to summary judgment.  The claim should be dismissed.

**D.** **Plaintiffs are Precluded from Seeking as Damages, including Treble Damages, the Amount of the Arbitration Award as well as Litigation Costs when Coverage was never Denied—Summary Judgment Clarifying the Scope and Measure of Damages is Proper**

1. <u>The Arbitration Award Is Not the Proper Measure of "Actual Damages" Under IFCA, the CPA and the Tort of Bad Faith</u>

The question here is whether the amount of the arbitration award in the UIM arbitration can ever be a measure of actual damages for American Commerce's alleged violation of IFCA, the CPA, or the tort of bad faith.  It cannot.

IFCA provides as follows regarding damages:

(1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the **<u>actual damages</u>** sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.

(2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the **<u>actual damages</u>**.

(3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.

See, WASH. REV. CODE § 48.30.015(1)-(3).

The CPA authorizes individuals to bring an action:

to recover the **<u>actual damages</u>** sustained by him or her, or both, together with the costs of the suit, including a reasonable

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 14
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

attorney's fee.   In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the **actual damages** sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars: . . .

See, RCW 19.86.090 (emphasis added).

Neither IFCA nor the CPA defines "actual damages."

          a.    *Overview of Washington's Definition of "Actual Damages"*

In *Spokane Truck & Dray Co.*, the Supreme Court adopted the rule that "damages are given as a compensation or satisfaction to the Plaintiffs for an injury actually received by him from the defendant.  They should be **precisely commensurate with the injury**, **neither more nor less**…" See, *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 51; 25 P. 1072 (1891), *quoting* Vol. II, Greenleaf on Evidence, § 253 (emphasis added).

In general, under the rule of compensatory damages, "actual damages" include the following:

- recompense for physical pain, if any has been inflicted
- mental sufferings- anguish of mind, shock of denial
- indignities received
- insults borne
- sense of shame or humiliation
- lacerations of feelings
- disfiguration
- loss of reputation or social position
- loss of honor
- impairment of credit
- financial embarrassment
- physical changes occurring from continued stress

*Id*. at 52-53; Appleman, Insurance Law and Practice § 8879.

In other contexts, Washington courts have held as follows regarding the meaning of "actual damages":

"Actual damages" is a:

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 15
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE **|** WATHEN **|** LEID **|** HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

term used to denote the type of damage award as well as the nature of injury for which recovery is allowed; thus, actual damages flowing from injury in fact are to be distinguished from damages which are nominal, exemplary or punitive. *Rasor v. Retail Credit Co.*, 87 Wn.2d 516, 554 P.2d 1041, 1049. "Actual damages" are synonymous with compensatory damages.

See, BLACK'S LAW DICTIONARY 35 (6th ed. 1990).

As the dictionary definition notes, Washington courts have interpreted the term "actual damages" in this manner. *Martini v. Boeing Co.*, 137 Wn.2d 357, 367, 971 P.2d 45 (1999), (citing *Rasor v. Retail Credit Co.*, 87 Wn.2d 516, 554 P.2d 1041, 1049 (1976); *Sing v. John L. Scott, Inc.*, 83 Wn. App. 55, 70, 920 P.2d 589 (1996), rev'd on other grounds, 134 Wn.2d 24, 948 P.2d 816 (1997)). While "actual damages" is recognized as being synonymous with compensatory damages, "compensatory damages" are available to make the Plaintiffs whole for their injury. See *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 78, 272 P.3d 827 (2012).

> b.    *Out-Of-State Definition of "Actual Damages"*

"Actual damages" that may be recoverable in first-party and third-party bad-faith cases include compensation for any such harm that **flows directly or foreseeably from the insurer's wrongful conduct** and includes the following:

- lost profits
- loss of a business
- lost rents
- loss of credit reputation
- loss of property
- loss of use of property

See, Ashley, *Bad Faith Actions: Liability and Damages*, § 8:03 (1984) (emphasis added).

Generally, then, a tortfeasor is liable for all injuries and losses which are proved to be the natural and probable results of the tortfeasor's wrongful act. *Silva v. Stein*, 527 So. 2d 943 (Fla. Dist. Ct. App. 1988); *Cencula v. Keller*, 180 Ill. App. 3d 645, 129 Ill. Dec. 409, 536 N.E.2d 93 (1989); *Greives v. Greenwood*, 550 N.E.2d 334 (Ind. Ct. App. 1990); *Ettus v. Orkin*

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 16
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE Ι WATHEN Ι LEID Ι HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

*Exterminating Co.*, 233 Kan. 555, 665 P.2d 730 (1983); *Aisole v. Dean*, 560 So. 2d 647 (La. Ct. App. 1990).  Compensatory or "actual damages" are monetary damages awarded to recompense a tort victim for the value of the loss sustained. Damages in Tort Actions § 3.01 (Matthew Bender).  Compensatory damages are designed to make the Plaintiffs whole by providing the reasonable and fair monetary equivalent of the physical and emotional injuries, or property damage, caused by the defendant's tort.  *Id.*  Specifically, all damages that are the **natural and proximate result or consequence of a tort** may be recovered and the category of compensatory damages encompasses the following damages:

- pain and suffering;
- emotional distress
- permanent injury
- loss of enjoyment of life
- medical expenses
- lost wages
- impairment of earning capacity
- damages to personal property

*See*, Damages in Tort Actions § 1.01[3] (Matthew Bender) (emphasis added).

Similarly, the Florida Supreme Court has found in *Ross v. Gore* that "'actual damages' are synonymous with 'compensatory damages'":

> As to the provision limiting the Plaintiffs to the recovery of 'actual damages,' it will be noted that the statute does not define this term, nor have we been able to find a case in which this court has specified, categorically, the elements included in the term 'actual damages.' Since it is used synonymously with 'compensatory damages' in many of our decided cases, we think it is fair to assume that 'actual damages' mean 'compensatory damages.'

*Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950).

"Actual or compensatory damages are those amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant's wrongful or negligent actions." *Bidon v. Dep't of Prof'l Regulation, Fla. Real Estate Comm'n,* 596 So. 2d 450, 452 (Fla. 1992) (citation omitted).  The purpose of actual or compensatory damages is to

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 17
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

provide "fair and just compensation commensurate with the loss sustained in consequence of the defendant's act which give rise to the action." *Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1951).

This issue has already been decided by Federal Courts.  *See*, Dec. Leid **Ex. 6** (Order Granting Summary Judgment Motion in *Schreib v. American Family*, Case No. C14-0165JLR (August 31, 2015)).  In *Schreib*, the Arbitrator had made a decision based on an estimation of damages caused by the accident at issue, not those caused by the insurer's alleged unreasonable denial of medical benefits. *Id*. at 11. The Plaintiff in *Schreib*, as are Plaintiffs in this case, was asking the court to "apparently seek to circumvent the relevant causation analysis based on IFCA's purported legislative intent to "protect[] insureds and mak[e] insurers honor their commitments to act fairly towards their insureds and pay claims promptly." *Id*.  Ultimately, the Court found that the arbitration award was not the proper measure of actual damages and granted summary judgment to the insurer on the issue. *Id.* at 12.

Here, American Commerce never denied coverage.  The amount of the arbitration award was a valuation determination on a disputed claim where the parties could not reach agreement on the value of the claim.  The amount of the arbitration award entered in the underlying UIM arbitration cannot be a measure of compensatory damages for American Commerce's alleged tort of bad faith, violation of IFCA, or violation of the CPA.  To allow such would be tantamount to a double recovery.

    c.    *Distinguishable from Denial of Benefits to Insured*

This matter is distinguishable from the situation where an insured is denied payment under a first party coverage and later obtains payment of denied benefits from the insurance company.  For example, in *Ainsworth v. Progressive Insurance Co.*, the insured made a claim for income continuation benefits under the Personal Injury Protection coverage of his auto insurance policy for income continuation (wage loss) benefits, claiming that he lost income from his warehouse job and from his part-time evening job delivering pizzas. *Ainsworth*, 180

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 18
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE ‖ WATHEN ‖ LEID ‖ HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

Wn. App. 52, 322 P.3d 6 (2014).  The insurer paid wage loss benefits solely for the wages lost from the warehouse job.  The trial court ultimately awarded the insured $5,458.18 in unpaid income continuation benefits and doubled that amount under IFCA.  *Id.* at 59.  This award illustrates an appropriate finding of "actual damages" under IFCA.  The insured was denied a payment of benefits to which he was entitled, he received actual damages in that amount and those actual damages were subject to the IFCA multiplier.

The present case is distinguishable from *Ainsworth*.  In the instant matter, **there was never a denial of benefits** and, unlike *Ainsworth*, the matter proceeded to contractually provided for arbitration**.**  American Commerce accepted coverage for the loss and conducted its investigation and evaluation of Plaintiffs' claims. ECF 20-2 through 20-5; ECF 37, ¶2-4; ECF 39-1 at ACIC 000110-117.  Plaintiffs subsequently invoked the arbitration clause of the policy.  There was never a question that Plaintiffs suffered a loss.  The dispute was solely over the amount of damages.

> d.    *"Actual Damages" are Limited to Those Proximately Caused by the Act/Violation and Do Not Include Paid Benefits for Underlying Personal Injury*

The payment of the UIM arbitration award (less offsets) prior to the filing of the lawsuit for alleged tort of bad faith, IFCA and CPA suit is both dispositive and negates Plaintiffs' alleged actual damages.  The Court should hold that "actual damages" are limited to those proximately caused by the act or violation and do not include benefits which became due under the insurance contract.  Requiring direct causation is supported by the language of the statute, the construction of similar statutes, and the common law.

First, the IFCA statute's language provides that a first party claimant "who is reasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained."  RCW 43.30.015(1).  The Court cannot ignore the plain meaning of the words "actual damages sustained."  It necessarily

AMERICAN COMMERCE'S MOTION FOR SUMMARY JUDGMENT REGARDING BAD FAITH, IFCA AND DAMAGES - Page 19
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA and Damages.Final.docx

COLE ǀ WATHEN ǀ LEID ǀ HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

follows that the "actual damages" sustained from the "unreasonable denial" of a claim for coverage or payment of benefits.

Second, similar language in the CPA provides for recovery of "actual damages sustained" has been construed to require causation between the alleged wrongful act and the alleged damages. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553 (1992)(CPA violation requires "the existence of a causal link between the deceptive act and the injury suffered"); *Lidstrand v. Silvercrest Indus.*, 28 Wn. App. 359, 368 (1981) (recovery under the CPA requires "a causal relation between the practice engaged in by the defendant and the damages suffered by the plaintiff). Likewise, federal courts have limited "actual damages sustained" from a violation of the Washington Law Against Discrimination, RCW 49.60.180, to those "proximately caused by an unlawful act of discrimination." *Martini v. Boeing Co.*, 137 Wn.2d 357, 368 (1999) ("the usual rules which govern the elements of damages for which compensation may be awarded apply" including proximate cause and mitigation of damages). *See also Blaney v. Int'l Ass'n of Machinists and Aerospace Workers District No. 160*, 151 Wn2d 203, 216 (2004) (Actual damages are damages "that are proximately caused by the wrongful action, resulting directly from the violation of RCW 49.60).

Third, "actual damages" is a term of art that has been required by courts for recovery under common law bad faith claims. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 126 (2008) (insured is "not entitled to a presumption of harm or coverage by estoppel, but must prove all elements of the claim, including actual damages" (emphasis added)). Actual damages for common law bad faith are limited to those proximately caused by the breach of the duty of good faith. *Id.*; *see also Moratti v. Farmers Ins., Co.*, 162 Wn. App. 495, 504 (2011) ("bad faith claim against an insured is analyzed applying the same principles as any other tort: duty, breach of that duty and damages proximately caused by the breach").

In *Coventry Associates* the Court evaluated "What Remedies are Available to an Insured if its Insurer Has Acted in Bad Faith." *Coventry Associates v. American States Insurance Co.*,

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 20
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T: (206) 622-0494 / F: (206) 587-2476

136 Wn.2d 269, 283-285 (1998). The Court held: "[A]n insurer is not liable for the policy benefits but, instead, liable for the consequential damages to the insured as a result of the insurer's breach of its contractual and statutory obligations." *Id*. at 284. This conclusion was reached because "the loss in the first-party situation has been incurred before the insurance company is aware a claim exists." *Id*. The Court concluded that the Plaintiffs were able to make a claim for "those amounts and damages normally associated with bad faith and CPA violation," including the cost of hiring their own experts and investigators and other "financial expense" incurred "as a result of the bad faith investigation." *Id*. at 285. A separate concurring opinion agreed and explained that there must be "direct" causation between the insurer's bad faith conduct and the damages claimed:

> [T]he majority correctly observes that harm is an essential element of both bad faith and CPA causes of action and that Plaintiffs is entitled to recover only to the extent it can establish that it incurred expenses as a direct result of any bad faith on the part of the Defendant. Therefore, when an insurer breaches its duty to act in good faith, a cause of action exists only if such bad faith ***causes resulting harm*** to the insured.

*Id*. at 286. (emphasis added).

In Appleman, <u>Insurance Law and Practice</u> § 8877.25, it states that courts in California have followed this reasoning:

> In action against insurer for bad-faith failure to settle claim of its insured for insured's own injuries, such injuries, having been sustained prior to the alleged breach, cannot serve as proper measure of damages; only damages proximately resulting from the breach, such as consequent economic loss or emotional distress, are recoverable as compensation for the breach. *West's Ann.Civ.Code*, § 3333; *Neal v. Farmers Ins. Exchange*, 1978, 148 Cal.Rptr. 389, 21 Cal.3d 910, 582 P.2d 908.

*Id*. at 396.

Similarly, courts in Massachusetts reviewed the question of what could be awarded as "actual damages" and trebled under a similar statute, Mass. Gen. Laws ch. 93A, when an insurer

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 21
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE l WATHEN l LEID l HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T: (206) 622-0494 / F: (206) 587-2476

failed to timely pay a claim.  Following principles of proximate causation and the requirement that Plaintiffs establish actual damages resulting from the wrongful act of the insurer, the courts found that the "amount due under the policies compensates for the injuries caused by the accident."  *Bertassi v. Allstate Ins. Co.*, 522 N.E.2d 949, 953 (Sup. Ct. Mass. 1988).  "[D]amages under c.93A, however, are designed only to compensate for the losses which were the foreseeable consequences of the defendant's unfair and deceptive act or practices."  *Id*.  Thus, an insured was "entitled to damages under G.L.c. 93A §9(3), in the form of interest, for his loss of use of money during those periods the money that was due him remain unpaid."  *Id*.  In appropriate cases, that interest could be doubled or trebled, but the payment under the policy on the underlying claim could not.  *Trempe v. Aetna Casualty and Surety,* 480 N.E.2d 670, 676 (Mass. Ct. App. 1985) (reversing multiple damage award that was "based on the fire" and not on the unfair acts); *see also Rhodes v. AIG Domestic Claims, Inc*., 961 N.E.2d 1067 (Sup. Ct. Mass. 2012).

In response to these cases, the Massachusetts Legislature amended the statute to expressly provide that where a judgment has been entered on the underlying claim, "actual damages" shall be taken to be the amount of the judgment for purpose of the bad faith multiplications. See, *R.W.Granger & Sons, Inc. v. J&S Insulation, Inc.* 754 N.E.2d 668, 681-682 (Sup. Ct. Mass 2001).  The legislature inserted the following into Massachusetts' multiple damages provision:  "For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all claims arising out of the same and underlying transaction or occurrence…" *Clegg v. Butler*, 676 N.E.2d 1134, 1142 (Sup. Ct. Mass. 1997).   When IFCA was enacted, the Washington Legislature could have included language like the 1989 amendment to the Massachusetts statute.  It did not and thus, this Court should apply IFCA as it was written.

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 22
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

Moreover, the *Clegg* court noted that the scope of the term judgment specifically excludes an arbitration award. *Clegg v. Butler*, 424 Mass. 413, 424-425, 676 N.E.2d 1134, 1142, 1997 Mass. LEXIS 64, *22-24 (Mass. 1997).

Here, the amount paid on the arbitration award was for Plaintiffs' injuries arising out of the underlying motor vehicle accident, as determined by the arbitrator, less offsets. They were not proximately caused by American Commerce's conduct and therefore, are not "actual damages" recoverable by Plaintiffs in this instant litigation.

Applying principles of proximate cause, Plaintiffs cannot recover as "actual damages" the amount of the arbitration award for Plaintiffs' personal injuries and claims from the underlying motor vehicle accident. Washington Pattern Jury Instructions: Civil 15.01 (5th ed. 2005)(WPI) states "The term 'proximate cause' means a cause which in a direct sequence unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened." *Id*. at 181. Washington Courts have similarly held that "Proximate cause is a cause which in a natural and continuous sequence, unbroken by a new, independent cause, produces the event and without which that event would not have occurred." *See Blaney*, 151 Wn.2d at 216.

Following the issuance of the arbitration award, American Commerce paid the full amount of the arbitration award, less offsets, for Plaintiffs' personal injuries and alleged pain and suffering caused by the underlying motor vehicle accident before any lawsuit was filed by Plaintiffs. Plaintiffs cannot now claim that Plaintiffs' injuries would not have occurred but for American Commerce's conduct. The ***valuation*** of Plaintiffs' claim for UIM benefits was in dispute. Plaintiffs' claims for benefits relating to these injuries pre-date and exist separately and irrespective of the valuation dispute between parties.

2.      Attorney's Fees and Other Litigation Costs Are Not "Actual Damages"

Attorney's fees and other litigation costs are recoverable by prevailing Plaintiffs under IFCA, but are not damages that may be trebled. This interpretation is based upon the language

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 23
K:\FILES\Bauman, LouAnn 16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE Ι WATHEN Ι LEID Ι HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T: (206) 622-0494 / F: (206) 587-2476

of the statute, which refers separately to "actual damages" and to "attorney's fees" and other litigation "costs."

Similar language in CPA distinguishes between "actual damages" that may be trebled under the CPA and "the costs of suit, including a reasonable attorney's fee" that also may be separately awarded where a violation is established.  The CPA, like the IFCA, provides that an injured person may bring an action "to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee."  "The case law is clear" that 'treble damages may only be based upon actual damages,' and attorney's fees 'do not qualify as actual damages.'"  *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc*., 64 Wn. App. 553, 555-56 (1992).

In *Coleman*, the Court rejected Plaintiffs' assertion that her litigation expenses were actual damages under either IFCA or the CPA.  *Coleman v. American Commerce Ins. Co*., 2010 U.S. Dist. LEXIS 97757 (W.D. Wash. Sept. 17, 2010).  The Court noted that it "has not found law which supports Plaintiffs' assertion that the cost of litigation alone is an actual damage which will give rise to a cause of action under the IFCA."  *Id*. at 8-9, aff'd 461 Fed. 600 (9th Cir. Wash. 2011) ("the district court correctly found that Coleman had no damages to support her claims").

Washington Courts have ruled that attorney's fees and costs are recoverable but separate from "actual damages".  In *Panag v. Farmers Ins. Co. of Wash*., 166 Wn.2d 27, 64, 204 P.3d 885 (2009), the court quoted that "Investigation expenses and other costs resulting from a deceptive business practice sufficiently establish injury."  *See State Farm Fire & Cas. Co. v. Quang Huynh*, 92 Wn. App. 454, 470, 962 P.2d 854 (1998); *see also Coventry Assocs*, 136 Wn.2d 269, 961 P.2d 933 (1998).  Fees and costs are recognized to satisfy the "injury" element of CPA and recoverable as permitted by language of the particular statute at issue but not recognized as "actual damage."

## VI.    CONCLUSION

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 24
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

For the reasons stated above, American Commerce respectfully requests that this Court:

(1)     Dismiss Plaintiffs' bad faith claim with prejudice;

(2)     Reconsider Judge Pechman's July 27, 2016 Order and dismiss Plaintiffs' claims for violation of the Insurance Fair Conduct Act with prejudice;

(3)     Enter an order of summary judgment holding that Plaintiffs <u>may not seek</u>:

(a)     As "actual damages" the amount of the arbitration award entered in the underlying UIM arbitration and further finding that the amount of the arbitration award is not recoverable under any extra-contractual theories including IFCA, CPA or the tort of bad faith;

(b)     A trebling of the amount of the arbitration award as either exemplary or punitive damages under IFCA, the CPA or the tort of bad faith; and

(c)     Attorney's fees and costs as "actual damages" under any extra-contractual theories including IFCA, the CPA or the tort of bad faith.

Dated this <u>27th</u> day of October, 2016.

**COLE, WATHEN, LEID & HALL, P.C.**

*s/ Rory W. Leid, III*
*s/ A. Elyse O'Neill*
Rory W. Leid, III, WSBA No. 25075
A. Elyse O'Neill, WSBA #46563
Attorneys for Defendant
303 Battery Street
Seattle, WA  98121
P:  206 622 0494/F:  206 587 2476
rleid@cwhlaw.com
eoneill@cwhlaw.com

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 25
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T:  (206) 622-0494 / F:  (206) 587-2476

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| ***ATTORNEYS FOR PLAINTIFFS***: <br> Steven P. Krafchick, WSBA #13542 <br> L. Seth Grossman, WSBA #49789 <br> Krafchick Law Firm <br> 100 W Harrison, South Tower, Ste. 300 <br> Seattle WA 98199 <br> P: 206-374-7370 \| F: 206-374-7377 | **Via CM/ECF:** <br><br> klf@krafchick.com <br> seth@krafchick.com |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of October 2016, at Seattle, Washington.

/s/*Kathleen M. Forgette*
Kathleen M. Forgette, Legal Assistant

AMERICAN COMMERCE'S MOTION FOR
SUMMARY JUDGMENT REGARDING BAD FAITH,
IFCA AND DAMAGES - Page 26
K:\FILES\Bauman, LouAnn  16022\Pleadings\MSJ re Bad Faith IFCA
and Damages.Final.docx

COLE I WATHEN I LEID I HALL, P.C.
303 Battery Street
Seattle, Washington 98121
T: (206) 622-0494 / F: (206) 587-2476