1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUANN BAUMAN, et al., | CASE NO. C15-1909 BJR |
| Plaintiffs, | ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| AMERICAN COMMERCE INSURANCE COMPANY, | |
| Defendant. | |

## I.      INTRODUCTION

This matter is before the Court on Defendant American Commerce Insurance Company's ("American Commerce") Motion for Summary Judgment Regarding Bad Faith, IFCA and Damages.  (Dkt. No. 91).  The motion seeks dismissal of Plaintiffs' claims for bad faith and IFCA violations against Defendant, or, in the alternative, an order clarifying the scope and measure of damages.  Plaintiffs oppose the motion.

Upon review of the briefing, the applicable case law and relevant parts of the record, the Court DENIES Defendant's request to dismiss the bad faith and IFCA claims filed against it, and

1   DENIES the request to limit the scope of damages as requested in Defendant's motion, with the

2   exception that (1) Plaintiffs' attorney fees and costs in pursuing this litigation will not be

3   considered "actual damages" under IFCA or the CPA, and (2) certain portions of Plaintiffs'

4   arbitration award are not compensable under the Washington Consumer Protection Act.   The

5   Court's reasoning follows:

6   **II.     BACKGROUND**

7       The following facts are not in dispute:

8       American Commerce issued a policy that provided underinsured motorist ("UIM")

9   coverage to Plaintiff LouAnn Bauman for up to $250,000 per insured.   On April 4, 2006, Ms.

10  Bauman was injured in an auto accident, for which she received full medical PIP benefits of

11  $10,000 and full wage loss benefits of $10,000 from Defendant.

12      In August, 2011, the tortfeasor's insurer settled with Ms. Bauman for the $50,000 limit of

13  his policy.  Shortly thereafter, Plaintiffs sent Defendant a letter requesting that American

14  Commerce (1) buy out their claim against the tortfeasor's $50,000 policy and (2) make them an

15  offer under their UIM coverage.   Defendant declined to buy out the underlying tort claim and

16  requested more information about Plaintiff's damages.

17      In May, 2013, Plaintiffs sent Defendant a settlement demand letter, outlining over $1

18  million in damages and requesting the full $250,000 of the UIM policy.   Defendant accepted

19  coverage and requested an independent medical examination ("IME").   Plaintiffs responded by

20  invoking the arbitration clause under the policy.   Plaintiff LouAnn Bauman underwent the IME,

21  and Plaintiffs still received no response to their settlement demand.

22      In February, 2015, a two-day arbitration hearing was held before a three-person panel.  Ms.

23  Bauman received an award of $180,290 which resulted, after offsets, in a net award of

24

1    $118,946.07.  In August, 2015, Plaintiffs sent American Commerce the required 20-day notice of

2    an Insurance Fair Conduct Act ("IFCA") claim.  Four months later, they filed this lawsuit, asserting

3    that Defendant acted in bad faith, and violated IFCA and the Washington Consumer Protection

4    Act ("CPA").  It is undisputed that at no time following receipt of Plaintiffs' settlement demand

5    did Defendant extend a settlement offer to its insureds.

6    **III.    LEGAL STANDARD**

7    Summary judgment is appropriate if the evidence, when viewed in the light most favorable

8    to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and

9    the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a); *see Celotex Corp. v.*

10   *Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The

11   moving party bears the initial burden of showing there is no genuine issue of material fact and that

12   he or she is entitled to prevail as a matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party

13   meets its burden, the burden shifts to the non-moving party to "make a showing sufficient to

14   establish a genuine dispute of material fact regarding the existence of the essential elements of his

15   case that he must prove at trial."  *Galen*, 477 F.3d at 658.  The court is "required to view the facts

16   and draw reasonable inferences in the light most favorable to the [non-moving] party."  *Scott v.*

17   *Harris*, 550 U.S. 372, 378 (2007).

18   **IV.    DISCUSSION**

19   The material facts are not in dispute.  Based on what it characterizes as "newly discovered

20   evidence," American Commerce seeks a ruling that there was no violation of the Insurance Fair

21   Conduct Act as a matter of law and that Defendant did not act in bad faith.  Alternatively, it seeks

22   an order "clarifying the scope and measure of damages" as follows:

23          (a) The amount of the arbitration award entered in the underlying UIM arbitration is not
                the "actual damages;"

24

(b) The arbitration award is not properly trebled as either exemplary or punitive damages under IFCA, the CPA or the tort of bad faith; and

(c) That attorney's fees and costs are not "actual damages" including IFCA, the CPA or the tort of bad faith.

Dkt. No. 91, Motion at 2.

A. Bad faith

Defendant proffers new evidence in support of its motion. Defendant's new evidence consists of deposition testimony from Plaintiffs that, had Defendant offered them zero in response to their settlement demand, they would not have accepted it. (Dkt. No. 92, Decl. of Leid, Ex. 4 at 16:6-7: 24:5-25:3; Ex. 5 at 21:24-22:19.). This, coupled with the opinion testimony of their expert that it was reasonable for the insurance company to (1) value Plaintiffs' claim at zero and (b) make no offer to them (Dec. of Leid, Ex. 2 at 32:11-20, 47:14-48:3), leads Defendant to argue there is "significant evidence" that it did not act in bad faith; i.e., unreasonably. Defendant argues further that Plaintiffs cannot meet their burden of establishing damages as a proximate cause of their (in)action because they would have rejected Defendant's (non)offer and proceeded to arbitration anyway.

The tort of insurer bad faith follows standard principles of tort, requiring proof of duty, breach, and damages proximately caused by the breach. *See Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003). Ordinarily, an insurer owes a heightened duty to "give equal consideration to the insured's interests and its own interests." *Liberty Int'l Underwriters v. Carlson*, 2006 WL 62785 at *9 (W.D. Wash. Mar. 13, 2006)(citing *Amer. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470 (2003)).

This enhanced duty is not present in a UIM case due to the adversarial relationship inherent in the fact that the insurer steps into the shoes of the underinsured motorist. *See Ellwein v. Harford Acc. & Indem. Co.*, 142 Wn.2d 766, 779 (2001), *overruled in part on other grounds, Smith v.*

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1   *Safeco Ins. Co., supra.*  Nevertheless, even in UIM cases, an insurer owes a duty of good faith and

2   fair dealing.  *Id.*  The burden is on the insured to demonstrate that the insurer's actions were

3   'unreasonable, frivolous, or unfounded," not merely incorrect.  *Kirk v. Mt Airy Ins. Co.*, 134 Wn.2d

4   558, 560 (1998).

5          Defendant argues that the fact that Plaintiffs testified that they would not have accepted an

6   offer of "nothing" to settle their case demonstrates the reasonableness of its failure to make an

7   offer.  The Court does not agree.  Such an argument betrays a fundamental misunderstanding both

8   of the insurer's duty and of the nature of the settlement negotiation process.

9          The issue of whether, in light of the surrounding circumstances existing at the time,

10  Defendant's failure to respond to Plaintiffs' settlement proposal was reasonable remains a jury

11  question.

12         Defendant's request of summary judgment on Plaintiffs' bad faith claim is DENIED.

13         B.  IFCA claim

14         In this portion of their briefing, Defendant essentially calls for reconsideration of a

15  summary judgment order entered by the previous presiding judge, U.S. District Judge Marsha J.

16  Pechman, who found that under the facts of this case the Court could not dismiss the IFCA claim

17  on summary judgment.  (Dkt. No. 84, Order on Motions for Summary Judgment at 3-5.)  Defendant

18  seeks reconsideration of that ruling on the grounds that "it appears [Judge Pechman] was under

19  the mistaken impression that American Commerce never made an offer because it never completed

20  its evaluation of Plaintiffs' UIM claim."  Motion at 11.

21         Even assuming that Defendant evaluated Plaintiffs' UIM claim, the question whether

22  American Commerce's valuing the claim at zero and not extending any settlement offer was

23

24

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 5

1    reasonable is one for the jury.  On that basis, Defendant's request for summary dismissal of

2    Plaintiffs' IFCA claim as a matter of law is DENIED.

3        C.  Actual damages

4        Defendant seeks a summary judgment ruling covering the calculation of "actual damages"

5    on all of Plaintiffs' claims and the remainder of this order will analyze the meaning of that term as

6    it relates to the claims for violation of the tort of bad faith, IFCA and the CPA.

7        1.  *Insurance Fair Conduct Act*

8        While IFCA provides that "[a]ny first party claimant to a policy of insurance who is

9    unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an

10   action… to recover the actual damages sustained…" (RCW 48.30.015(1)), the statute contains no

11   definition of what constitutes "actual damages."   Case law indicates that liability for an IFCA

12   violation extends to "those damages proximately caused by [the] IFCA violation." *Dees v. Allstate*

13   *Ins. Co.*, 933 F.Supp.2d 1299, 1312 (W.D. Wash. 2013).

14       This Court is not prepared to state, as a matter of law that, if Defendant is guilty of a

15   violation of IFCA, the arbitration award represents the damage proximately caused by that

16   violation.  Other courts have speculated, in situations where an insured has gone to arbitration to

17   secure benefits previously denied, that the actual damages recoverable under IFCA could be the

18   loss of the use of the money represented by the arbitration award for a period of time, or the costs

19   of the arbitration itself. *Morella v. Safeco Ins. Co.*, 2013 U.S. Dist. LEXIS 53255 at *14-15 (W.D.

20   Wash., April 12, 2013).  The operative analysis for purposes of proximate cause is: what damages

21   were caused by the allegedly unreasonable denial itself?  In the absence of any direction from the

22   Washington Supreme Court on the nature of "actual damages," the Court will leave that

23   determination to a jury which has been instructed on the elements of proximate cause.

24

1    The Court now turns to the final question raised by Defendant's motion: to what extent, if

2    any, may attorney's fees and costs be considered as "actual damages" under the IFCA statute?

3    The IFCA statute plainly differentiates between "actual damages" and "reasonable

4    attorneys' fees and litigation costs." RCW 48.30.015(1). "Costs of the action" are included among

5    the latter and "actual damages" are separately articulated. *Id.* There is no other way to read this

6    than that actual damages are separate and distinct from the costs of suing under the statute, and the

7    attorney's fees and other litigation costs in suing under the statute are not to be factored into the

8    enhanced damages to which Plaintiffs may be entitled under IFCA if they prevail.

9    Defendant's motion for summary judgment will be granted on this issue.  Plaintiffs'

10   attorney fees and costs in this lawsuit, while recoverable, are not "actual damages" for purposes

11   of IFCA.

12       2.   *Consumer Protection Act*

13   The damages represented by the arbitration award comprise a determination by the

14   arbitration panel of the amounts denied under Plaintiffs' UIM coverage.  The Washington CPA

15   requires not only that the injury be "causally linked to the unfair or deceptive act," but that injury

16   have occurred to a plaintiff's "business or property." (*Hangman Ridge Training Stables, Inc. v.*

17   *Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).)  Plaintiffs have asserted (and Defendant has

18   not controverted) that their $180,290 arbitration award was calculated as follows: $32,000 in

19   medical specials, $42,140 in lost wages, $35,000 for loss of consortium, and $71,150 in "general

20   damages." (*See* Dkt. No. 27, Plaintiffs' Motion for Summary Judgment at 4.)

21   While Plaintiffs present no argument in this motion regarding which portions of that award

22   might constitute injury to business or property, the Court is aware that, for instance, medical bills

23   (which are derivative of personal injuries) are not considered compensable damages under the

24

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 7

1    CPA. *See Ambach v. French*, 167 Wn.2d 167, 173 (2009). While not granting Defendant's motion

2    regarding the CPA in its entirety, the Court reserves for a later day the determination of which (if

3    any) portion of the arbitration award constitutes "actual damages" under the CPA.

4         The issue of attorney's fees under this statute is more easily addressed. While the CPA

5    does permit an award of attorney fees and costs (*see* RCW 19.86.090), attorney fees awarded in

6    that context do not qualify as "actual damages." *Sign-O-Lite Signs v. Delaurenti Florists*, 64

7    Wn.App. 553, 566 (1992). That portion of Defendant's request for summary judgment will be

8    granted.

9         3.  *Tort of bad faith*

10        The insured prosecuting a claim under the tort of bad faith has the burden of establishing

11   that the insurer's bad faith proximately caused their damage. *Smith v. Safeco Ins. Co.*, 150 Wn.2d

12   478, 484 (2003).  As first party claimants, Plaintiffs are not entitled to a presumption of harm

13   upon a showing of breach of duty; they have the burden of proving that American Commerce's

14   bad faith was the proximate cause of their damages. *Coventry v. American States Ins. Co.*, 136

15   Wn.2d 269, 284 (1998).  This is a question for the jury.

16        **V.   CONCLUSION**

17        Defendant's motion for summary judgment of dismissal of Plaintiffs' IFCA and bad faith

18   claims will be DENIED in its entirety.  Its alternative request for summary judgment will be

19   PARTIALLY GRANTED: (1) Plaintiffs' attorney fees and costs in pursuing this lawsuit will not

20   be considered "actual damages" under IFCA or the CPA, and (2) certain portions of Plaintiffs'

21   arbitration award are held to be not compensable under the Washington Consumer Protection Act.

22   The remainder of Defendant's summary judgment motion will be DENIED.

23

24

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 8

1

2          The clerk is ordered to provide copies of this order to all counsel.

3          Dated January 4, 2017.

4

5

6                                              Barbara Jacobs Rothstein
                                               U.S. District Court Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 9