UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUANN BAUMAN,<br><br>               Plaintiff,<br><br>    v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. C15-1909 BJR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

**I.      INTRODUCTION**

On January 4, 2017, this Court entered an order partially granting and partially denying Defendant's motion for summary judgment. (Dkt. No. 105.) On January 17, 2017, Defendant timely filed a motion for reconsideration of a portion of that ruling. (Dkt. No. 106.) Having considered the motion, the cited supporting cases and applicable portions of the record, the Court DENIES Defendant's request for reconsideration. While there is no need for modification of the order, the Court will provide the clarification of the previous order which Defendant appears to require.

## II. LEGAL STANDARD

LCR 7(h)(1) states that

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

## III. DISCUSSION

Defendant's summary judgment motion requested, among other things, a ruling that "[t]he amount of the arbitration award entered in the underlying UIM arbitration is not the 'actual damages.'" Dkt 91, Motion at 2. In response to that request, the Court ruled that the arbitration award does not automatically establish the amount of "actual damages" under either the Insurance Fair Conduct Act ("IFCA") or the Washington Consumer Protection Act ("CPA").[1]

The crux of the Court's ruling in this regard was that Plaintiffs would be put to their proof of what damage was proximately caused by the alleged violations of IFCA and the CPA; the Court did not rule out the possibility that the arbitration award might meet that standard, but clearly stated that the arbitration award *per se* did not constitute the measure of "actual damages" under either statute.

In support of its motion, Defendant cites *Potter v. Am. Family Ins.*, N0 C16-5406BHS, 2016 U.S. Dist. LEXIS 176146, which -- citing to another Western District of Washington ruling (*Schreib v. Am. Family Mut. Ins. Co.*, 129 F.Supp.3d 1129 (W.D.Wash. 2015)) -- held that the

---

[1] Regarding IFCA, the Court ruled: "This Court is not prepared to state, as a matter of law that, if Defendant is guilty of a violation of IFCA, the arbitration award represents the damage proximately caused by that violation." Dkt. No. 105, Order at 6.

Regarding the CPA, the Court ruled: "While not granting Defendant's motion regarding the CPA in its entirety, the Court reserves for a later day *which (if any) portion* of the arbitration award constitutes 'actual damages' under the CPA." *Id.* at 8 (emphasis supplied).

1 plaintiffs there were "entitled to prove at trial that [the insurer's] alleged IFCA violation proximately caused [them] actual damages, and will not be limited by those described in the arbitration award." 2016 U.S. Dist. LEXIS 176146 at *5 (quoting *Schreib*, 129 F.3d at 1137). This Court, like the courts in *Potter* and *Schreib*, recognized that the damages represented by the arbitration award resulted from Plaintiff's accident and are not necessarily the same damages that might result from an IFCA or CPA violation. Therefore, the Court's ruling appears to be totally consonant with the two cases cited by Defendant.

If Defendant is seeking a ruling that Plaintiffs may not rest on the fact of their arbitration award as proof of their damages, this Court has already so ruled. If Defendant is seeking a ruling that Plaintiffs may not introduce the amount (or some portion thereof) awarded at arbitration as representing damages proximately caused by the alleged violations of IFCA and the CPA, that position is not supported by either the *Schreib* or *Potter* opinions:

> [D]amages resulting from an unreasonable denial of benefits under IFCA could be, but are not necessarily identical to, damages resulting from the accident.
> * * *
> [Plaintiffs] are 'entitled to prove at trial that [their insurer's] alleged IFCA violation proximately caused [them] actual damages, and will not be limited by those described in the arbitration award'… [T]o the extent that [the insurer] seeks a ruling on what [the Plaintiffs] must prove as actual damages under the CPA and the tort of bad faith, [the Plaintiffs] are not limited to the [arbitration] award.

*Potter*, 2016 U.S. Dist. LEXIS 176146 at **5-6 (*quoting Schreib*, 129 F.Supp.3d at 1137).

### IV.   CONCLUSION

Defendant has failed to establish, by virtue of its new legal authority, a manifest error of law in the Court's ruling. Its motion for reconsideration will be DENIED.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 3

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated January 25, 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge