UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUANN BAUMAN, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C15-1909 BJR<br><br>ORDER DENYING MOTION TO CERTIFY QUESTIONS OF STATE LAW TO THE WASHINGTON SUPREME COURT |

      This matter is before the Court on Plaintiffs' motion to certify certain questions of state law to the Washington Supreme Court pursuant to RCW 2.60.020 and Washington Rule of Appellate Procedure 16.16.  Having read the moving papers (Dkt. No. 109), Defendant's response (Dkt. No. 115) and Plaintiffs' reply (Dkt. No. 117), the Court rules as follows:

      IT IS ORDERED that the motion is DENIED.

      The certification of questions of uncertain state law is allowed and regulated by RCW 2.60.020:

When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Plaintiffs are requesting the certification of a series of questions, all having to do with the nature of "actual damages" under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. They point out, correctly, that the statute contains no definition of "actual damages" and that courts have differed on what is meant by the phrase.

But the statute also requires, before certifying a question to the Washington Supreme Court, that the court presiding over a proceeding determine "it is necessary to ascertain the local law of this state in order to dispose of such proceeding." Plaintiffs make no showing in this regard, and it is the considered opinion of this Court that resolution of this question is unnecessary to the disposition of the proceeding. Damages are, by definition, dependent on a finding of liability and hence not dispositive of a proceeding. Additionally, there is sufficient guidance in state law regarding the determination of "actual damages" in the context of civil litigation that the Court believes the questions raised by Plaintiffs can be answered without resort to the certification process.

Defendant maintains that the Plaintiffs' motion is moot because Plaintiffs' claims have been invalidated by recent developments in state law as announced by the Washington Supreme Court in *Perez-Cristanos v. State Farm Fire & Cas. Co.,* No. 92267-5, 2017 LEXIS 92 (Feb. 2, 2017). This identical issue has been raised by Defendant in a separate motion for reconsideration. (Dkt. No. 114.) The Court will address the impact of *Perez-Cristanos* in a ruling on the motion for reconsideration, not in the context of this unrelated motion.

1    Finding that Plaintiffs have not met the requirements of RCW 2.60.020, the Court
2 DENIES their motion to certify.

5    The clerk is ordered to provide copies of this order to all counsel.

6    Dated February 14, 2017.

*/s/ Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION TO CERTIFY QUESTIONS OF STATE LAW TO THE WASHINGTON SUPREME COURT - 3