1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
9                       AT SEATTLE

10   LOUANN BAUMAN, et al.,              CASE NO. C15-1909 BJR

11                  Plaintiffs,          ORDER DENYING MOTION FOR
                                         RECONSIDERATION
12         v.

13   AMERICAN COMMERCE
     INSURANCE COMPANY,
14
                    Defendant.
15

16
       This matter is currently before the Court on Defendant's Motion for Reconsideration. (Dkt.
17
   No. 114.)  The Court, having reviewed Defendant's pleadings, Plaintiffs' responsive briefing and
18
   having thoroughly examined the recent Washington Supreme Court ruling which forms the basis
19
   of Defendant's request, rules as follows:
20
       IT IS ORDERED that the motion for reconsideration is DENIED.
21
                                    **Discussion**
22
       The essence of Defendant's motion is that a recent decision by the Washington Supreme
23
   Court – *Perez-Cristanos v. State Farm Fire and Casualty Co.*, Cause No. 92267-5 – dictates the
24

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1  dismissal of Plaintiffs' entire lawsuit, an action which comprises claims for violations of the Insurance Fair Conduct Act ("IFCA"), the Washington Consumer Protection Act ("CPA") and the tort of bad faith. *See* Dkt. No. 1, Complaint at ¶¶ 5.1 – 5.12.

### A. The *Perez-Cristanos* Decision

*Perez-Cristanos* bears some surface similarities to the facts of this case. It involves a claim by a plaintiff-insured for Underinsured Motorist ("UIM") coverage under his contract with a defendant-insurer. While Plaintiff received the PIP benefits he claimed under his policy, when he failed to receive payment on his UIM coverage he took the matter to arbitration, where he received an award which exceeded the amount he had been compensated under the other provisions of his insurance policy. His suit against his insurance company included claims for IFCA and CPA violations, as well as tortious bad faith.

On appeal, the Washington Supreme Court upheld the trial court's dismissal of all claims against the insurer. The opinion first examines the IFCA statute to discern whether violations of the state insurance regulations (specifically, the violations listed in subsection (5) of RCW 48.30.015) will suffice to establish an IFCA violation. The high court concluded that

> IFCA explicitly creates a cause of action for first party insureds who were "unreasonably denied a claim for coverage or payment of benefits"… [but] IFCA was not meant to create a cause of action for regulatory violations.

*Perez-Cristanos* at 12. The opinion examines evidence of legislative intent, ballot language, even the Washington Pattern Jury Instruction for an IFCA claim and comes to the narrowly-drawn conclusion that "IFCA does not create an independent cause of action for regulatory violations." *Id.* at 17.

Turning to the remainder of Perez-Cristanos' claims, the Washington Supreme Court finds their dismissal appropriate on the ground that no material facts were in dispute and the insurance

company prevailed as a matter of law. Regarding the bad faith claim, the state court ruled that "[t]he fact State Farm paid PIP benefits [based on the same facts on which it denied UIM benefits] is not sufficient to create a material question of fact that State Farm violated insurance regulations by rejecting some of Perez-Cristanos's UIM claim." *Id.* at 18-19. The CPA claim was similarly lacking. Had Perez-Cristanos been able to present evidence of a regulatory violation, he would have established "a *per se* unfair trade practice by virtue of the legislative declaration in RCW 19.86.170." *Id.* at 19. But, having "failed to present a genuine issue that [State Farm] violated any provision" of the insurance regulations, Perez-Cristanos failed to establish the possibility of fundamental proof of his CPA claim, and thus it was also properly dismissed. *Id.* Concerning the Baumans' case, the Court notes preliminarily that Plaintiffs have restricted neither their legal theory nor their proof solely to a violation of the insurance regulations, as was the case in *Perez-Cristanos*.

B.  **IFCA Claim**

Regarding the IFCA cause of action, Defendant asserts that *Perez-Cristanos* holds that "any claim under IFCA requires a denial of coverage;" there being no denial of coverage in this matter, "this Court must dismiss Plaintiffs' IFCA claim." (Motion at 3.) Plaintiffs disagree, and so does the Court.

Nowhere in the *Perez-Cristanos* opinion does the Washington Supreme Court hold there is no IFCA claim without a denial of coverage. More importantly (as the state high court acknowledged), the IFCA statute does not so state:

> Subsection (1) describes two separate acts giving rise to an IFCA claim. The insured must show that the insurer unreasonably denied a claim for coverage *or that the insurer unreasonably denied payment of benefits*. If either or both acts are established, a claim exists under IFCA.

*Perez-Cristanos* at 16-17 (emphasis supplied).

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Plaintiffs argue that the holding of *Perez-Cristanos* is a narrow one, and the Court must concur. The Washington Supreme Court drew the IFCA issue narrowly: "We must decide whether first party insureds can also sue their insurance companies under IFCA for regulatory violations." *Id.* at 7. Their holding was commensurately narrow: "IFCA was not meant to create a cause of action for regulatory violations." *Id.* at 12.

While this holding impacts Plaintiffs' pleadings – a portion of their claims under IFCA are stated as violations of the Washington insurance regulations (*see* Complaint at ¶¶ 5.5 – 5.9) – it does not eradicate their cause of action under this remedial insurance statute. Plaintiffs also allege that Defendant has violated IFCA by "unreasonably fail[ing] to offer any payment of Plaintiff's UIM coverage benefits" and "unreasonably den[ying] plaintiff's claim for payment of benefits." (*Id.* at ¶¶ 5.3, 5.10.) These more generic allegations of unreasonable conduct are fully within the ambit of permissible claims under IFCA and *Perez-Cristanos* says nothing that would lead this Court to believe that Plaintiffs' IFCA cause of action may not proceed as thus pled.[1]

Plaintiffs' case here is further distinguishable by the fact that the plaintiff in *Perez-Cristanos* had, according to both the trial court and high court opinions, proffered no evidence that the defendant insurer had acted unreasonably beyond a disparity between what the insurance company offered on the UIM claim (zero) and the arbitration award (which netted the plaintiff $24,000). In addition to a much greater disparity between Defendant's valuation of their UIM claim (again, zero) and what Plaintiffs achieved through arbitration (a net gain of nearly $119,000 over and above what Defendant had initially decided they were owed), Plaintiffs have also retained

---

[1] Furthermore, as violations of the Washington insurance regulations may be introduced as evidence in support of punitive damages and attorney fees under IFCA, Plaintiffs will not be proscribed from proving that Defendants' conduct violated some or all of those regulations; under *Perez-Cristanos*, such proof may simply not be used to establish a violation of IFCA itself. *See* RCW 48.30.015(2) and (3)

an expert witness who will testify that "ACIC failed to abide by national insurance standards and failed to handle the Baumans' claim in good faith." Dkt. No. 123, Response at 3.

This dispute of fact as to "unreasonableness" created by Plaintiffs further distinguishes their case from *Perez-Cristanos*. The Baumans' allegations and proffered proof go beyond the level of proof the plaintiff in *Perez-Cristanos* brought forth to support his IFCA claim, thus this Court is not bound by the result in the Washington case as regards Plaintiffs' IFCA cause of action.

### C. Remaining Claims (Bad Faith, CPA)

Defendant also maintains that *Perez-Cristanos* requires this Court to dismiss Plaintiffs' tortious bad faith and CPA claims, again on the ground that the *Perez-Cristanos* facts are so identical to those before this Court as to mandate an identical outcome. The argument does not hold up under a close reading of the Washington Supreme Court's opinion.

In upholding the summary judgment dismissal of the remainder of Perez-Cristanos' claims, the state high court's rationale turned on a single issue: that the plaintiff had failed to establish a material question of fact. Neither evidence of a relatively minimal disparity between the insurer's offer and the arbitration award nor the fact that the insurer had paid PIP benefits to the plaintiff but withheld UIM benefits was considered sufficient to create a material question of fact on the issue of bad faith. *Perez-Cristanos* at 18-19. As indicated *supra,* the Baumans, in addition to evidence of a sizeable disparity between Defendant's offer and their arbitration award, are prepared to offer expert testimony that their insurance company's conduct fell below national standards for good faith processing of insurance claims, thus creating the genuine dispute of fact on this issue which Perez-Cristanos lacked.

As regards the CPA claim, the Washington Supreme Court agreed with the parties that, had Perez-Cristanos been able to demonstrate a violation of the insurance regulations, he would

1  have established the first and second element of a CPA cause of action. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780 (1986); and *Indus. Indem. Co. v. Kallevig,* 114 Wn.2d 907, 923 (1990). But the high court also agreed with State Farm that "Perez-Cristanos had failed to make that showing because he did not present a genuine issue of fact" that any such violation had occurred. *Id.* at 19. This was fatal to his CPA claim but is inapplicable to the Plaintiffs here, whose evidence has created a sufficiently genuine issue of fact concerning the reasonableness or good faith of Defendant's conduct to enable them to survive summary judgment. Furthermore, as noted *supra,* at no point did Plaintiffs limit their legal theory or their proof to a violation of the insurance regulations, as Perez-Cristanos did in the case cited by Defendant.

**Conclusion**

The plaintiff in *Perez-Cristanos* did not have evidence sufficient to raise a genuine issue of material fact that the Washington insurance regulations had been violated (the only basis for his claims). Plaintiffs here have pled more than a WAC violation, have survived summary judgment on the issue of "unreasonable denial of payment of benefits," and have articulated allegations well within the boundaries of IFCA and the other causes of action they have pled. In short, the *Perez-Cristanos* opinion is a circumscribed holding based on a specific set of facts and pleadings which are inapplicable to the circumstances of this case. The two cases are not on all fours and the plaintiffs here will be permitted to move forward. Defendant's motion for reconsideration is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated: February 16, 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge